IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ADRIENNE FOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-2207-SMYRJD |
| | ) | |
| AISIN LIGHT METALS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion for Leave to File Amended Complaint (Doc. 16) filed by Plaintiff. Defendant filed a Suggestion in Opposition (Doc. 20). For the following reasons, the motion is **DENIED**.

On November 15, 2018, Plaintiff filed suit in the Circuit Court for the First Judicial Circuit in Williamson County, Illinois, seeking damages for violation of her rights for wrongful termination of employment. On December 26, 2018, a Notice of Removal (Doc. 1) was filed with this Court. On January 23, 2019, Plaintiff filed a Motion to Remand (Doc. 17), along with this Motion to Amend (Doc. 16). Plaintiff seeks to amend the complaint by adding Illinois resident and individual, Michael Mitchell, in order to relinquish this Court of its diversity jurisdiction.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits

and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997); *Sanders v. Venture Stores*, 56 F.3d 771, 773 (7th Cir. 1995). A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)).

Plaintiff seeks leave to amend the complaint to add one claim against a new defendant, Michael Mitchell. Mitchell was the Plant Manager of Aisin Light Metals ("ALM") at the time of the termination of Plaintiff's employment. Plaintiff alleges Mitchell was the ultimate decision maker in the termination. Plaintiff's proposed amended complaint alleges Mitchell tortiously interfered with Plaintiff's business relationship or economic advantage with ALM by terminating her employment in retaliation for filing a workers' compensation claim.

Defendant objects to Plaintiff's motion arguing the new claim against Mitchell is futile, made in bad faith, and attempts to fraudulently join Mitchell. Defendant argues Plaintiff's claim of tortious interference is not plausible on its face because under Illinois law tortious interference with a business relationship requires a showing of action by the purported defendant towards a third party. Defendant further argues Plaintiff's motion for leave to amend should be denied because it is made in bad faith for the purpose of destroying federal jurisdiction and is untimely.

To state a claim of tortious interference with a business opportunity or economic advantage under Illinois law, Plaintiff must allege the following: (1) a reasonable expectation of entering

into a valid business relationship; (2) the defendant's knowledge of plaintiff's expectancy; (3) action by the defendant to purposefully interfere and prevent plaintiff's legitimate expectancy from ripening into a valid business relationship; and (4) damage to the plaintiff from the interference. *Dowd v. Dowd, Ltd. v. Gleason,* 181 Ill.2d 460, 229, 693 N.E.2d 358, 370 (Ill. 1998). The tort of interference with prospective advantage requires a showing of action by the defendant towards a third party. *Vickers v. Abbott Lab.,* 308 Ill.App.3d 393, 719 N.E.2d 1101, 1116 (Ill.App.Ct.1999); *Adams v. Catrambone*, 359 F.3d 858, 865 (7th Cir. 2004).

Plaintiff does not allege in the proposed amended complaint that Mitchell purposefully interfered with any third party. In fact, Plaintiff admits that both she and Mitchell were employed by Defendant ALM at the time of her termination. Mitchell was the Plant Supervisor at ALM and the proposed amended complaint fails to allege the presence of any third party. The absence of any third party renders the proposed new claim against Mitchell futile.

For the foregoing reasons, Plaintiff's motion for leave to file an amended complaint (Doc. 16) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 21, 2019**

*s/* *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**
